STATE OF NORTH CAROLINA v. W. C. EDWARDS

No. 400A83

(Filed 10 January 1984)

1. **Burglary and Unlawful Breakings § 4; Criminal Law § 26.5— acquittal of larceny—evidence of larceny in breaking and entering case**

    Where the jury found defendant not guilty of larceny but was unable to reach a verdict as to breaking or entering with the intent to commit larceny, the State was not precluded by collateral estoppel double jeopardy from reprosecuting defendant for breaking or entering with intent to commit larceny or from presenting evidence at defendant's retrial of his participation in the larceny, since the issue of defendant's intent to commit larceny was not passed upon by the first jury when it acquitted defendant of the larceny charge.

2. **Criminal Law § 138— pecuniary gain—taking property of great monetary value—improper aggravating factors**

    In imposing a sentence for breaking or entering, the trial court erred in finding as an aggravating factor that the offense was committed for pecuniary gain where there was no evidence that defendant was paid or hired to commit the offense.

3. **Criminal Law § 138— failure to give perjured testimony—improper mitigating circumstance**

    The trial court erred in finding as a mitigating circumstance in sentencing that defendant did not testify and relate to the court any perjured testimony.

APPEAL by the State from a decision of the Court of Appeals, 63 N.C. App. 92, 304 S.E. 2d 245 (1983), one judge dissenting, granting the defendant a new trial upon defendant's conviction of felonious breaking or entering; judgment entered by *Ferrell, J.* at the 22 March 1982 Schedule "B" Criminal Session of Superior Court, MECKLENBURG County.

The primary issue on this appeal is whether the Court of Appeals erred in concluding, under a double jeopardy rationale, that the State improperly presented evidence of defendant's participation in the larceny of a jewelry store in a prosecution for breaking or entering with intent to commit larceny, when defendant had previously been acquitted of the charge of larceny. We hold that the Court of Appeals erred. However, defendant is entitled to a new sentencing hearing for error in finding as aggravating factors that the offense was committed for pecuniary gain, and that the offense involved the actual or attempted taking of property of great monetary value.

Pertinent facts include the following: Field's Jewelry Store in Charlotte, North Carolina, was broken into sometime after midnight on 22 September 1981. Entry was accomplished by breaking the glass out of the front door. In response to a burglary alarm originating from the store, Officer Zincom arrived at the scene in time to see a black male, whom he identified as the defendant, run down the street and enter an alley. Defendant was subsequently apprehended. Following a search of the general area in which defendant was observed running, officers recovered two ring display cases and a few rings. Defendant was taken to a local hospital where he was treated for a cut on his hand and glass particles were removed from defendant's clothing. Tests revealed that some of the particles of glass were indistinguishable from those taken from the broken glass at the jewelry store, while other particles were not similar.

James Edward Moore testified that he and another man, whom he could only identify as David, had broken into Field's Jewelry Store on 22 September. He had been apprehended by police while fleeing from the store. He was, at the time, carrying a grocery bag filled with jewelry and other items. He testified that he is now serving a six year prison sentence for his participation

in the offense. Moore stated that the defendant "wasn't involved." In fact Moore maintained until trial that he acted alone.

Defendant was originally tried on charges of breaking or entering and larceny. He was found not guilty of larceny. A mistrial was declared on the charge of felonious breaking or entering. Defendant was retried on the charge of breaking or entering with the intent to commit larceny. During his second trial the State introduced evidence, over defendant's objection, concerning his alleged participation in the larceny of the jewelry store.

In an opinion authored by Judge Phillips, the Court of Appeals concluded that the evidence of defendant's alleged participation in the Field's Jewelry Store larceny was inadmissible. The court reasoned as follows:

> The issue of defendant's participation in the Field's theft was tried and forever set at rest in the first trial. Having safely run that "gantlet" the defendant had a constitutional right not to again be jeopardized by that evidence. Though the crime that defendant was tried for this time, breaking and entering, is not the same crime that he was acquitted of by the first trial, larceny, defendant's former jeopardy rights were nonetheless violated to the prejudice of his liberty, since the *truth* of the larceny evidence was again put in issue against him and no doubt contributed greatly to his conviction.

63 N.C. App. at 94, 304 S.E. 2d at 246 (1983).

Additional facts which become relevant to defendant's specific assignments of error will be incorporated into the opinion.

*Attorney General Rufus L. Edmisten, by Special Deputy Attorney General Ann Reed, for the State.*

*Assistant Appellate Defender Lorinzo L. Joyner, for the defendant.*

COPELAND, Justice.

[1] The issue presented is whether defendant's reprosecution for felonious breaking or entering with intent to commit larceny is barred by his earlier acquittal of the charge of larceny.

Defendant does not contend that he is barred from prosecution because he is being placed in jeopardy for the same offense. Rather, defendant contends that his acquittal on the larceny charge in the first trial determined matters of fact in his favor so as to collaterally estop the State from now proving him guilty of breaking or entering with the intent to commit larceny.

The doctrine of collateral estoppel was held to be a part of the constitutional guarantee against double jeopardy in *Ashe v. Swenson*, 397 U.S. 436, 25 L.Ed. 2d 469 (1970). Under the doctrine of collateral estoppel, an *issue* of ultimate fact, once determined by a valid and final judgment, cannot again be litigated between the same parties in any future lawsuit. Subsequent prosecution is barred only if the jury could not rationally have based its verdict on an *issue* other than the one the defendant seeks to foreclose. *United States v. Smith*, 470 F. 2d 1299 (5th Cir. 1973), *cert. denied*, 411 U.S. 952. When a "fact is not *necessarily* determined in the former trial, the possibility that it may have been does not prevent re-examination of that issue." *Adams v. United States*, 287 F. 2d 701, 705 (5th Cir. 1961). *See United States v. Ballard*, 586 F. 2d 1060 (5th Cir. 1978); *Johnson v. Estelle*, 506 F. 2d 347 (5th Cir. 1975), *cert. den.*, 422 U.S. 1024; *United States v. Griggs*, 498 F. Supp. 277 (M.D. Fla. 1980). Thus, in determining whether this aspect of double jeopardy acts to bar a subsequent prosecution, "unrealistic and artificial speculation about some far-fetched theory upon which the jury might have based its verdict of acquittal" is foreclosed; rather, a realistic inquiry is required into how a rational jury would consider the evidence presented in a particular case. *United States v. Sousley*, 453 F. Supp. 754, 762 (W.D. Mo. 1978). In advancing a collateral estoppel double jeopardy defense, the defendant has the burden of persuasion. *United States v. Hewitt*, 663 F. 2d 1381 (11th Cir. 1981).

Finally, and of particular importance to our decision in this case, we must emphasize that the "same evidence" test is not the measure of collateral estoppel in effect here. The determinative factor is not the introduction of the same evidence (in this case, evidence of defendant's participation in the larceny), but rather whether it is absolutely necessary to defendant's conviction for breaking or entering with the intent to commit larceny that the second jury find against defendant on an *issue* upon which the first jury found in his favor. As noted in *United States ex rel.*

Triano v. Superior Court of New Jersey, 393 F. Supp. 1061, 1070, n. 8 (D.N.J. 1975), *aff'd without opinion*, 523 F. 2d 1052 (3d Cir. 1975), *cert. den.*, 423 U.S. 1056, "[t]he 'same evidence' could, in an appropriate case, conceivably be introduced at the second trial for an entirely different purpose than that which it served at the earlier trial."

With these principles in mind, we turn now to the facts in the case *sub judice.* The issue at defendant's first trial was whether he did, in fact, commit the crime of larceny. The elements of that crime are: 1) the wrongful taking and carrying away; 2) of the personal property of another; 3) without his consent; 4) with the intent to deprive permanently the owner thereof. *State v. McCrary,* 263 N.C. 490, 139 S.E. 2d 739 (1965). In acquitting the defendant, the jury found only that there was insufficient evidence of one or more of the elements of larceny. *Intent* to commit the crime of larceny is not an element of the crime of larceny.

The elements of the offense of breaking or entering are: 1) the breaking or entering of any storehouse, shop or other building where any merchandise, chattel, money, valuable security or other personal property shall be; 2) with the intent to commit a felony (larceny in the case *sub judice*). N.C. Gen. Stat. § 14-54. Thus, to prove a defendant guilty of felonious breaking or entering, it is not necessary to prove that he was also guilty of larceny. Rather it is only necessary to prove that the defendant *intended* to commit a felony, to wit, larceny. The issue of defendant's intent to commit larceny was not raised, considered or passed upon by the first jury when it acquitted defendant of the larceny charge.

Certainly the State was not precluded, on reprosecution for felonious breaking or entering, from introducing evidence of defendant's alleged participation in the actual break-in of Field's Jewelry Store. That aspect of the offense was not at issue in and was not an element of the larceny charge. Furthermore, as discussed above, the State was not precluded from introducing evidence, albeit the "same evidence," tending to implicate defendant in the larceny of the store where the sole purpose of the evidence was to prove defendant's intent to commit the crime of larceny, an issue which was neither raised nor resolved by his acquittal of the larceny charge.

In 1907 our Supreme Court, in an opinion authored by Chief Justice Clark, addressed this issue. We believe the reasoning of

the Court was then sound and remains so. The Court held that defendant's acquittal of the charge of larceny protected him from being tried again for the same offense, "but it was competent, in order to show the intent to steal, to prove that the defendant took the articles . . . [I]t is not an estoppel on the State to show the same facts if, in connection with other facts, they are part of the proof of another and distinct offense." *State v. Hooker*, 145 N.C. 581, 582-83, 59 S.E. 866, 866 (1907). The Court then noted the following principle, "stated in all the authorities" that:

> '[t]hough the same act may be necessary to be shown in the trial of each indictment, if each offense requires proof of an additional fact which the other does not, an acquittal or conviction for one offense is not a bar to a trial for the other.' One cannot be put twice in jeopardy for the *same offense.* When some indispensable element in one charge is not required to be shown in the other, they are not the same offense. [Emphasis added.]

*Id.* at 584, 59 S.E. at 867.

[2]  In sentencing the defendant to the maximum term of ten years' imprisonment for this offense, the trial judge found as factors in aggravation that the offense was committed for hire or pecuniary gain. There is no evidence of record that the defendant was hired or paid to commit the offense. The trial judge improperly relied on this factor. *State v. Abdullah*, 309 N.C. 63, 306 S.E. 2d 100 (1983).

As an additional finding in aggravation, the trial judge found that the offense involved the actual or attempted taking of property of great monetary value. This, too, was error. There is no evidence to support this aggravating factor. *State v. Thompson*, 309 N.C. 421, 307 S.E. 2d 156 (1983).

[3]  We note that the trial judge, upon defense counsel's urging, found the following non-statutory mitigating factor: "That the defendant did not testify in this case and relate to the court any perjured testimony." Upon resentencing, the court shall not consider this fact in mitigation. N.C. Gen. Stat. § 15A-1340.4(a)(1) states that "[t]he judge may not consider as an aggravating factor the fact that the defendant exercised his right to a jury trial." Implicit in this requirement is that a defendant not be penalized for

electing to plead not guilty. It would be incongruous, therefore, to permit a trial judge to consider as a mitigating factor that the defendant elected not to testify so as to avoid giving perjured testimony.

The decision of the Court of Appeals is reversed and the case remanded to that Court for further remand to Superior Court, Mecklenburg County, for reinstatement of the judgment of defendant's guilt of felonious breaking or entering. Defendant is entitled to a new sentencing hearing.

Reversed and remanded.