STATE OF NORTH CAROLINA v. DEIDRA SOLOMON

No. 9410SC238

(Filed 7 February 1995)

1. **Constitutional Law § 184 (NCI4th)— possession of marijuana and paraphernalia—acquittal—prosecution for cocaine possession—collateral estoppel inapplicable**

    Defendant's previous acquittal in the district court of misdemeanor charges of possession of marijuana and drug paraphernalia found in a cigarette case did not collaterally estop the State under double jeopardy principles from prosecuting defendant for felonious possession of cocaine also found in the cigarette case where no transcript was made of the district court proceedings, and the basis of defendant's acquittal of the misdemeanor charges is a matter of speculation.

    **Am Jur 2d, Criminal Law §§ 279 et seq.**

    **Conviction or acquittal in federal court as bar to prosecution in state court for state offense based on same facts—modern view. 6 ALR4th 802.**

2. **Evidence and Witnesses § 364 (NCI4th)— cocaine possession—evidence of marijuana and rolling papers—chain of circumstances**

    Marijuana and rolling papers were properly admitted in defendant's trial for felonious possession of cocaine, even though defendant had been acquitted of misdemeanor possession of the marijuana and paraphernalia, since the finding of the marijuana and rolling papers was linked in time and circumstances with the chain of events leading to defendant's arrest and formed an integral and natural part of an account of the crime of cocaine possession.

    **Am Jur 2d, Evidence §§ 448 et seq.**

**3. Narcotics, Controlled Substances, and Paraphernalia § 180 (NCI4th)— possession of controlled substances— instructions**

The trial court's instructions on the elements of possession of a controlled substance did not constitute plain error where the court followed the pattern instruction on actual and constructive possession, and the instructions on constructive possession clearly placed the burden on the State to prove beyond a reasonable doubt that defendant possessed cocaine.

**Am Jur 2d, Drugs, Narcotics, and Poisons § 47.5.**

**4. Criminal Law § 1057 (NCI4th)— sentencing—judge's comment—no right to new hearing**

Defendant was not entitled to a new sentencing hearing for possession of cocaine because the trial judge commented before sentencing that the jury by its verdict did not believe defendant, particularly since the trial judge found as a mitigating factor that defendant was a person of good character who had a good reputation.

**Am Jur 2d, Trial §§ 291 et seq.**

**Prejudicial effect of trial judge's remarks, during criminal trial, disparaging accused. 34 ALR3d 1313.**

Appeal by defendant from judgment entered 30 June 1993 by Judge J.B. Allen in Wake County Superior Court. Heard in the Court of Appeals 10 January 1995.

*Attorney General Michael F. Easley, by Assistant Attorney General Don Wright, for the State.*

*Weber & Shatz, P.A., by Daniel Shatz, for defendant-appellant.*

WALKER, Judge.

Defendant Deidra Solomon was convicted of possession of cocaine. The State's evidence tended to show that on 8 January 1992, Trooper Richard Maness stopped defendant's vehicle when he noticed that it was weaving erratically and that defendant appeared to be flagging him down. Trooper Maness noticed the smell of alcohol about defendant and her vehicle. Defendant admitted to having two alcoholic drinks (Bacardi Breezers) at a company function earlier that evening. Trooper Maness determined that defendant's drivers

license had been revoked and arrested her for driving while impaired and driving with a revoked license.

After the arrest, Trooper Maness searched defendant's vehicle. He discovered a cigarette case at the top of defendant's purse. The case contained two packs of rolling papers, four baggies containing marijuana, two baggie corners containing cocaine powder, and a partially smoked marijuana cigarette. When asked about these items, defendant said she had never seen the case or its contents. On 29 March 1993, defendant was tried in district court on charges of possession of marijuana and possession of drug paraphernalia and she was acquitted on both charges.

On 30 June 1993, defendant was tried in superior court, and Trooper Maness testified as to the events of 8 January 1992. During his testimony, the cocaine, marijuana, and rolling papers he had found in the cigarette case were introduced and passed to the jury without objection.

Defendant testified that she and Tara Brown, an employee of defendant's cleaning company, had attended a company dinner in Raleigh on 7 January 1992. They drove to the restaurant in a company vehicle loaded with cleaning equipment and supplies. There defendant drank the two Bacardi Breezers. After dinner, a company employee, known as Jimmy, drove this company vehicle to Durham, while defendant and Brown drove Jimmy's car back to Raleigh. While getting into the car, defendant noticed a cigarette case lodged between the driver and passenger seats. Defendant dropped Brown off at a relative's house in Raleigh. At this time, the cigarette case became dislodged and fell on the passenger side. Because it looked valuable, defendant picked it up and put it in her purse for safekeeping. After dropping off Brown, defendant began to experience car trouble while driving on I-40 and flagged down Trooper Maness, who later arrested her.

On cross-examination defendant denied telling Trooper Maness that she had never seen the cigarette case before, but stated she told him she was not aware of the contents of the case. Defendant admitted that she had prior convictions for driving with a revoked license and for damage to property.

Defendant was convicted of possession of cocaine, sentenced to four years in the Department of Corrections with the sentence suspended, and placed on five years' supervised probation. Defendant

petitioned this Court for a writ of certiorari, which was granted, allowing the appeal of her conviction.

[1] Defendant first argues that the trial court erred by denying her motions to dismiss the charge on the grounds of collateral estoppel. She claims that her previous acquittal on charges of possession of marijuana and drug paraphernalia precludes the State from prosecuting her for possession of cocaine.

The United States Supreme Court has held that the constitutional protection against double jeopardy requires that the principle of collateral estoppel be applied in criminal cases. *Ashe v. Swenson*, 397 U.S. 436, 443, 25 L.Ed.2d 469, 475 (1970). Collateral estoppel "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Id.* In criminal cases where the previous acquittal was based on a general verdict, collateral estoppel

> requires a court to "examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration."

*Id.* at 444, 25 L.Ed.2d at 475-76 (citations omitted).

The *Ashe* decision was based in part upon the Court's unwillingness to allow the prosecution, after an acquittal of a defendant, to refine its presentation in order to obtain a conviction on a technically different charge based upon the same facts. *Ashe*, 397 U.S. at 447, 25 L.Ed.2d at 477. However, in *Dowling v. United States*, 493 U.S. 342, 107 L.Ed.2d 708 (1990), the Court declined to extend the theory of *Ashe* and the concept of collateral estoppel to exclude, in all circumstances, relevant evidence "simply because it relates to alleged criminal conduct for which a defendant has been acquitted." *Dowling*, 493 U.S. at 348, 107 L.Ed.2d at 717. Thus, *Dowling* stands for the proposition that collateral estoppel cannot be mechanically applied to all cases that may suggest it but must be applied only after careful analysis of each factual situation.

Under North Carolina law, the burden of persuasion on a collateral estoppel defense lies with the defendant. *State v. Edwards*, 310 N.C. 142, 145, 310 S.E.2d 610, 613 (1984). The mere fact that the same evidence was introduced in a prior criminal trial does not make a

later criminal trial subject to collateral estoppel. *Id.* Rather, the determinative factor in a collateral estoppel defense is whether it is *absolutely necessary* to a defendant's conviction for the second offense that the second jury find against that defendant on an issue which was decided in his favor by the prior jury. *Id.* In making this determination,

> "unrealistic and artificial speculation about some far-fetched theory upon which the jury might have based its verdict of acquittal" is foreclosed; rather, a realistic inquiry is required into how a rational jury would consider the evidence presented in a particular case.

*Id.* (citations omitted).

In her brief defendant concedes that at trial she did not contest that Trooper Maness found marijuana and rolling papers in the cigarette case. Her defense was that she did not *knowingly* possess these items. Defendant now argues that the district court's acquittal on the marijuana and drug paraphernalia charges could only have been based on a reasonable doubt that she knowingly possessed the contents of the cigarette case. Therefore, defendant claims, since the issue of her knowledge of the contents of the case was necessarily decided in her favor in district court, the State should have been precluded from relitigating that issue in her later trial for possession of cocaine.

The district court made no transcript of the proceedings and defendant can only speculate as to the basis of her acquittal on the two misdemeanor charges. The application of collateral estoppel in a criminal case cannot be predicated on mere speculation. Therefore, we find that the trial court did not abuse its discretion in denying defendant's motions to dismiss based on her acquittal on the misdemeanor charges.

[2] Defendant's second argument is that the trial court erred in permitting the State to introduce into evidence the marijuana and rolling papers and then allowing them to be viewed by the jury. Since defendant did not object to the admission and circulation of this evidence at trial, she must show that the trial court's decision constituted plain error. In reviewing the trial court's decision for plain error, we must examine the entire record and determine if the decision had a probable impact on the jury's finding of guilt. *State v. Odom*, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983).

STATE v. SOLOMON

[117 N.C. App. 701 (1995)]

Defendant argues that the only purposes for introducing the marijuana and rolling papers were to convince the jury that she was guilty of possession of these items as well as the cocaine and to prejudice the jury. Defendant relies on *State v. Agee*, 326 N.C. 542, 391 S.E.2d 171 (1990), where the defendant had been acquitted of possession of marijuana and, in a subsequent trial for possession of LSD, the arresting officer was allowed to testify about finding the marijuana on the defendant's person. *Id.* at 548, 391 S.E.2d at 174. The Court held that this testimony was a necessary part of the chain of circumstances leading to the defendant's arrest and to the search which located the LSD, and was admissible to avoid a logical gap in the officer's narrative. *Id.* The Court explained that

> "[e]vidence, not part of the crime charged but pertaining to the chain of events explaining the context, motive and set-up of the crime, is properly admitted if linked in time and circumstances with the charged crime, or [if it] forms an integral and natural part of an account of the crime, or is necessary to complete the story of the crime for the jury."

*Id.* (citations omitted). Here, the finding of the marijuana and rolling papers was linked in time and circumstances with the chain of events leading to defendant's arrest and formed an integral and natural part of an account of the crime; the evidence was therefore admissible.

Furthermore, without conceding that admission of the evidence was improper, we do not believe the admission of this evidence was so fundamentally prejudicial as to constitute plain error. Based on our review of the record, it is not apparent that the jury would have reached a different result without this evidence before it.

[3] Defendant next argues that the trial court erred in its instruction to the jury on the elements of possession of a controlled substance. Defendant did not object to the instruction at trial, and she must again show that the instruction given amounted to plain error.

The preferred method of instructing the jury is the use of the approved guidelines of the North Carolina Pattern Jury Instructions. *Caudill v. Smith*, 117 N.C. App. 64, ——, 450 S.E.2d 8, 13 (1994). The challenged instruction follows the pattern jury instructions on actual and constructive possession. N.C.P.I.—Crim. 104.41. The instructions given in this case regarding constructive possession of a controlled substance accurately stated the law and clearly placed the burden on the State to prove beyond a reasonable doubt that defendant pos-

sessed the cocaine. Accordingly, we find that the challenged instructions did not amount to plain error.

[4] Finally, defendant argues that during the sentencing phase of the trial, the trial court commented about her credibility, entitling her to a new sentencing hearing.

Even though the trial judge commented before passing sentence that the jury by its verdict did not believe defendant, we find no evidence that this is reflected in defendant's sentence, particularly since the judge found as a mitigating factor that defendant was a person of good character who had a good reputation. In view of defendant's prior convictions, the trial court could impose a sentence greater than the presumptive if it determined that the aggravating factor outweighed the mitigating factor. Defendant received a fair trial free from prejudicial error and is not entitled to a new sentencing hearing.

No error.

Judges EAGLES and GREENE concur.