STATE OF NORTH CAROLINA v. TABATHA JOYCE BELL, DEFENDANT

No. COA03-392

(Filed 4 May 2004)

**1. Evidence— acquittal of related offense—chain of circumstances—admissible**

Events leading to a charge of assaulting an officer (upon which defendant was acquitted in district court) were admissible in defendant's trial for obstructing an officer because the events formed a chain of circumstances.

STATE v. BELL

[164 N.C. App. 83 (2004)]

2. **Constitutional Law— double jeopardy—evidence from prior trial**

Admission of evidence from a prior district court trial for assaulting an officer, in which defendant was acquitted, did not violate double jeopardy in defendant's trial for obstructing an officer. Evidence is inadmissible under double jeopardy when it falls within the collateral estoppel rule; a defendant who can only speculate about the basis for her prior acquittal does not meet that burden.

3. **Constitutional Law— double jeopardy—same facts as basis of two offenses—separate offenses**

The trial court did not err in a prosecution for obstructing an officer by not giving defendant's requested instruction that a subsequent incident which led to an assault charge was separate and not probative of obstruction. Although defendant contended that the instruction was required under double jeopardy, the limitation on the same facts forming the basis for two convictions applies only if the two offenses are actually one. These two offense are separate and distinct and a jury could find that evidence of one is not supportive of the other.

4. **Police Officers— obstructing charge—assault on an officer acquittal—not relevant**

Acquittal of assault on an officer is not relevant to guilt of obstructing an officer and was properly excluded from a prosecution for obstructing an officer.

5. **Police Officers— obstructing—sufficiency of evidence**

Defendant's motion to dismiss a charge of obstructing an officer for insufficient evidence was correctly dismissed. The evidence was that defendant did not merely remonstrate with an officer on behalf of another and was sufficient to allow a jury to find that defendant had obstructed and delayed an officer in the performance of his duties.

6. **Appeal and Error— preservation of issues—constitutional issues—not raised at trial—no plain error assertion**

A constitutional argument not raised at trial was not before the Court of Appeals where there was no plain error assertion.

STATE v. BELL

[164 N.C. App. 83 (2004)]

### 7. Constitutional Law— vagueness—obstructing an officer

The contention that N.C.G.S. § 14-223, a magistrate's order finding probable cause, and the trial court's instructions in a prosecution for obstructing an officer were all so vague as to violate due process was without merit.

Appeal by defendant from judgment entered 7 August 2002 by Judge Steve A. Balog in Forsyth County Superior Court. Heard in the Court of Appeals 28 January 2004.

*Attorney General Roy Cooper, by Assistant Attorney General Ann Stone, for the State.*

*Appellate Defender Staples Hughes, by Assistant Appellate Defender Charlesena Elliott Walker, for defendant-appellant.*

GEER, Judge. ·

Defendant Tabatha Joyce Bell appeals from her conviction for delaying and obstructing a public officer, arguing primarily that her acquittal in district court of assault on a public officer precluded the admission of evidence of assault in a subsequent trial in superior court for obstruction and delay of a public officer. Because defendant has failed to demonstrate that the admission of the challenged evidence was barred by collateral estoppel and the Double Jeopardy Clause and because the evidence was admissible under the Rules of Evidence, we conclude that there was no error in defendant's trial.

### Facts

The State's evidence tended to show the following. On 5 September 2001, Corporal Charles Crosby, a deputy with the Forsyth County Sheriff's Office, was on duty as the school resource officer for Hanes Middle School. A fight broke out at Hanes among five students. When Crosby arrived, two teachers were separating the students although one student remained combative. Crosby took the combative student, a 14-year-old eighth grader, to his patrol car.

As Crosby was putting the student into the rear of his patrol car, defendant parked her car immediately in front of the patrol car and rushed to its rear door. Crosby was having difficulty handcuffing the student because the student was struggling to get out of the car. Defendant began screaming, "He didn't do anything wrong. Let him go." Crosby advised defendant that he was conducting an investigation and asked her to step back. Defendant instead shouted to the stu-

dent, "I am going to call your mother. What is your phone number?" Approximately twenty to thirty students gathered around as defendant continued to shout.

Crosby, who was still struggling with the student, again asked defendant to step back. Defendant ignored Crosby, leaned inside the patrol car between Crosby and the student, and prevented Crosby from closing the door. After calling for backup officers, Crosby threatened to arrest defendant if she did not step back. Defendant then returned to her car.

Crosby locked the student in the car, approached defendant, and asked her to exit her car and give him her driver's license. After first refusing, defendant then threw an identification card out the window (because her license had been revoked), opened her car door, and pushed Crosby. The two began to struggle with Crosby throwing defendant to the ground and trying to handcuff her. Defendant screamed to bystanders to help her. While Crosby was calling for help on his walkie-talkie, defendant was able to escape and run across the street where Crosby then caught her.

Backup officers arrived and the assistant sheriff instructed Crosby to remove defendant from the area because she was creating a disturbance. Another police officer assisted Crosby in handcuffing defendant. Crosby then transported defendant to the magistrate's office.

During Crosby's encounter with defendant, the student remained locked in the patrol car alone for three to five minutes. After Crosby left, two other officers continued the investigation with the student, who was released to the custody of his parents. Crosby was unable to continue his investigation until the following day.

Defendant was charged with two misdemeanors: assaulting a government officer under N.C. Gen. Stat. § 14-33(c)(4) (2003) and delaying and obstructing a public officer under N.C. Gen. Stat. § 14-223 (2003). After trial in Forsyth County District Court, defendant was acquitted of the assault charge, but found guilty of the delaying and obstructing charge. Defendant appealed to superior court as to the delaying and obstructing charge. In superior court, after a trial *de novo*, the jury found defendant guilty. The trial judge sentenced defendant to 30 days in jail, but suspended the sentence for a period of 12 months probation with defendant to complete 25 hours of community service.

I

Defendant first argues that the superior court erred in allowing the prosecution to introduce evidence of the events that occurred after defendant left the patrol car because that evidence was also the basis for the assault charge. Defendant contends that because she was acquitted of the assault charge in district court, the admission of this evidence violated the Double Jeopardy Clause of the Fifth Amendment and Rules 403 and 404(b) of the Rules of Evidence.

### Rules of Evidence

[1] We first address defendant's contention that the evidence of events occurring after she left the patrol car was inadmissible under Rules 403 and 404(b) because "[i]f the evidence was inadmissible on evidentiary grounds, we need not address the constitutional question raised by defendant." *State v. Agee*, 326 N.C. 542, 546, 391 S.E.2d 171, 173 (1990). We hold that the trial court did not err, under the Rules of Evidence, in admitting the evidence challenged by defendant.

Defendant argues, citing *State v. Scott*, 331 N.C. 39, 43, 413 S.E.2d 787, 789 (1992), that evidence of a crime of which a defendant was previously acquitted is inadmissible under Rule 403 as a matter of law. *Scott*, however, acknowledges that "[t]he use of evidence of conduct underlying a prior charge of a crime for which the defendant has been tried and acquitted has been permitted in the exceptional case in which the conduct occurred in the same 'chain of circumstances' as the crime for which the defendant is being tried." *Id.* at 45, 413 S.E.2d at 790.

Our Supreme Court applied this principle in *Agee*, 326 N.C. at 547-48, 391 S.E.2d at 174, holding that evidence resulting in an acquittal as to one charge is admissible in a second trial on a different charge if it is part of the "chain of circumstances[,]" forms part of the history of the event, or serves to enhance the natural development of the facts.[1] This Court has held such evidence admissible when it "was linked in time and circumstances with the chain of events leading to defendant's arrest and formed an integral and natural part of an account of the crime . . . ." *State v. Solomon*, 117 N.C. App. 701, 706, 453 S.E.2d 201, 205, *disc. review denied*, 340 N.C. 117, 456 S.E.2d 325 (1995).

---

1. In *Agee*, the Court held that evidence that an officer discovered marijuana on the defendant's person was admissible in a trial in superior court for possession of LSD (found at the same time as the marijuana) even though the defendant had been acquitted in district court of possession of marijuana. *Id.* at 548, 391 S.E.2d at 174.

Here, the evidence challenged by defendant was part of a single, continuing transaction beginning with defendant's insertion of herself into the events at Hanes Middle School and continuing through her arrest. Evidence of what occurred after she left the patrol car was part of the chain of events leading to defendant's arrest and, therefore, admissible under *Agee* and *Solomon*. Indeed, as explained below, the evidence of events occurring after defendant left the patrol car provided added evidentiary support for the charge of obstructing and delaying an officer.

Defendant also asserts in passing that the evidence was barred by Rule 404(b). In *Agee*, however, the Supreme Court held that when the evidence "served the purpose of establishing the chain of circumstances leading up to [defendant's] arrest . . ., Rule 404(b) did not require its exclusion as evidence probative *only* of defendant's propensity to [engage in illegal conduct]." 326 N.C. at 550, 391 S.E.2d at 175-76 (emphasis original). Because they were part of the chain of circumstances, the admission of events away from the patrol car did not violate Rule 404(b).

Since we have concluded that the evidence was not inadmissible as a matter of law, the question " '[w]hether to exclude evidence under Rule 403 [was] a matter left to the sound discretion of the trial court.' " *Agee*, 326 N.C. at 550, 391 S.E.2d at 176 (quoting *State v. Coffey*, 326 N.C. 268, 281, 389 S.E.2d 48, 56 (1990)). Defendant has not made any showing, apart from her argument under *Scott*, that the trial court abused its discretion and we have discerned none.

### Double Jeopardy

**[2]** As we have concluded that the evidence was admissible under the Rules of Evidence, we must address defendant's double jeopardy argument. The Double Jeopardy Clause of the Fifth Amendment, applicable to the States through the Fourteenth Amendment, provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb[.]" The Double Jeopardy Clause protects against (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 717, 23 L. Ed. 2d 656, 664-65, 89 S. Ct. 2072, 2076 (1969), *overruled on other grounds by Alabama v. Smith*, 490 U.S. 794, 104 L. Ed. 2d 865, 109 S. Ct. 2201 (1989). The first two categories of cases involve successive prosecutions while the third involves a single prosecution. *See State v. Gardner*, 315 N.C.

444, 451, 340 S.E.2d 701, 707 (1986) ("When analyzing the precise issue now before us as one of double jeopardy, courts across the nation have often tended to confuse rather than clarify the legal principles involved because of the failure to recognize and differentiate between single-prosecution and successive-prosecution situations.").

This appeal involves the first category of cases, a successive prosecution following an acquittal. With respect to this assignment of error, defendant does not challenge the State's ability to prosecute her, but rather questions whether the evidence of events after defendant left the patrol car could, consistent with the Double Jeopardy Clause, be admitted in light of defendant's prior acquittal on the charge of assaulting an officer. *See Agee*, 326 N.C. at 551, 391 S.E.2d at 176 ("The constitutional issue here is not whether the State could prosecute defendant, but whether evidence of defendant's marijuana possession was admitted properly in light of defendant's previous acquittal of that charge."). Defendant contends that her district court acquittal of the assault charges precluded admission in superior court of any of the evidence relied upon by the State in district court to prove assault.

As the Supreme Court stated in *Agee, id.*, this issue is governed by *Dowling v. United States*, 493 U.S. 342, 107 L. Ed. 2d 708, 110 S. Ct. 668 (1990). In *Dowling*, the United States Supreme Court noted: "There is no claim here that the acquittal in the case involving [defendant] barred further prosecution in the present case. The issue is the inadmissibility of [evidence relating to an alleged crime that the defendant had previously been acquitted of committing]." *Id.* at 347, 107 L. Ed. 2d at 717, 110 S. Ct. at 671. In holding that the evidence was admissible, the Court rejected a rule that would "exclude in all circumstances, . . . relevant and probative evidence that is otherwise admissible under the Rules of Evidence simply because it relates to alleged criminal conduct for which a defendant has been acquitted." *Id.* at 348, 107 L. Ed. 2d at 717, 110 S. Ct. at 671.

Instead, the Court held that evidence is inadmissible under the Double Jeopardy Clause only when it falls within the scope of the collateral estoppel doctrine. *Id.* That doctrine provides that " 'when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.' " *Id.* at 347, 107 L. Ed. 2d at 717, 110 S. Ct. at 672 (quoting *Ashe v. Swenson*, 397 U.S. 436, 443, 25 L. Ed. 2d 469, 475, 90 S. Ct. 1189, 1194 (1970)). *See also id.* at 350, 107 L. Ed. 2d at 718-19, 110 S. Ct. at 673 ("[W]e find no merit in the Third Circuit's

holding that the common-law doctrine of collateral estoppel in all circumstances bars the later use of evidence relating to prior conduct [which] the Government failed to prove violated a criminal law.").

The question raised by defendant's appeal is, therefore, whether the State was precluded by collateral estoppel from relying upon evidence of events occurring after defendant left the patrol car. As our Supreme Court has explained:

> Under the doctrine of collateral estoppel, an *issue* of ultimate fact, once determined by a valid and final judgment, cannot again be litigated between the same parties in any future lawsuit. Subsequent prosecution is barred only if the jury could not rationally have based its verdict on an *issue* other than the one the defendant seeks to foreclose.

*State v. Edwards*, 310 N.C. 142, 145, 310 S.E.2d 610, 613 (1984) (emphasis original). The *Edwards* Court stressed that the identity of the evidence is not controlling:

> [W]e must emphasize that the "same evidence" test is not the measure of collateral estoppel in effect here. The determinative factor is not the introduction of the same evidence [as offered in the first trial,] but rather whether it is absolutely necessary to defendant's conviction [in the second trial] that the second jury find against defendant on an *issue* upon which the first jury found in his favor.

*Id.* (emphasis original). As a result, the Court observed, " '[t]he "same evidence" could, in an appropriate case, conceivably be introduced at the second trial for an entirely different purpose than that which it served at the earlier trial.' " *Id.* at 146, 310 S.E.2d at 613 (quoting *United States ex rel. Triano v. Superior Court of New Jersey*, 393 F. Supp. 1061, 1070, n.8 (D.N.J. 1975), *aff'd without opinion*, 523 F.2d 1052 (3rd Cir. 1975), *cert. denied*, 423 U.S. 1056, 46 L. Ed. 2d 645, 96 S. Ct. 787 (1976)).

In light of the principles set out in *Dowling* and *Edwards*, the double jeopardy issue here does not hinge on whether the same evidence used in defendant's prosecution for assault in district court was admitted in her prosecution for delaying and obstructing an officer in superior court. Instead, the question before this Court is whether it was necessary to defendant's delaying and obstructing conviction that the jury find against her on an issue on which the district court found in her favor when it acquitted her of assault.

Defendant bears the burden of "demonstrat[ing] that the issue whose relitigation he seeks to foreclose was actually decided in the first proceeding." *Dowling*, 493 U.S. at 350, 107 L. Ed. 2d at 719, 110 S. Ct. at 673. *See also Edwards*, 310 N.C. at 145, 310 S.E.2d at 613 ("In advancing a collateral estoppel double jeopardy defense, the defendant has the burden of persuasion.").

Defendant was acquitted in district court of assault on an officer in violation of N.C. Gen. Stat. § 14-33(c)(4). Because the district court acquittal apparently was a general verdict, we must determine whether the district court could rationally have based its verdict upon an issue other than that which the defendant sought to foreclose from consideration in the second trial. *Solomon*, 117 N.C. App. at 704, 453 S.E.2d at 203.

N.C. Gen. Stat. § 14-33(c) provides: "[A]ny person who commits any assault . . . is guilty of a Class A1 misdemeanor if, in the course of the assault . . . , he or she: . . . (4) [a]ssaults an officer or employee of the State or any political subdivision of the State, when the officer or employee is discharging or attempting to discharge his official duties[.]" "Assault" is defined as " 'an overt act or attempt, or the unequivocal appearance of an attempt, with force and violence, to do some immediate physical injury to the person of another, which show of force or menace of violence must be sufficient to put a person of reasonable firmness in fear of immediate bodily harm.' " *State v. Lineberger*, 115 N.C. App. 687, 692, 446 S.E.2d 375, 378-79 (1994) (quoting *State v. McDaniel*, 111 N.C. App. 888, 890, 433 S.E.2d 795, 797 (1993)).

In support of her collateral estoppel argument, defendant claims that the district court, in order to reach its verdict, must necessarily have rejected the State's evidence of what happened at defendant's car as not credible. In light of the elements of the offense, however, the verdict could just as likely have resulted from findings that defendant did not attempt to do immediate physical injury to Crosby or did not use sufficient force to put a reasonable person in fear of immediate bodily harm. As to the struggling between defendant and Crosby, the district court also could have decided that defendant was defending herself from the excessive use of force. *See State v. Anderson*, 40 N.C. App. 318, 322, 253 S.E.2d 48, 50 (1979) (jury must be instructed that the force used against a law enforcement officer is excused if the assault was limited to the use of reasonable force by defendant in defense against excessive force).

When there is more than one possible explanation for an acquittal and defendant can only speculate as to the basis for the acquittal, defendant has failed to meet her burden of establishing collateral estoppel. *Dowling*, 493 U.S. at 352, 107 L. Ed. 2d at 720, 110 S. Ct. at 674 ("There are any number of possible explanations for the jury's acquittal verdict at [defendant's] first trial. . . . As a result, . . . we would conclude that petitioner has failed to satisfy his burden of demonstrating [collateral estoppel]."). As this Court has previously held, "[t]he application of collateral estoppel in a criminal case cannot be predicated on mere speculation." *Solomon*, 117 N.C. App. at 705, 453 S.E.2d at 204. Without a showing that the district court necessarily decided an issue adversely to the State that was also at issue in the superior court trial, defendant has failed to demonstrate that the trial court erred under the Double Jeopardy Clause in admitting the evidence.

II

**[3]** Defendant argues, in a related assignment of error, that the trial court erred, under the Double Jeopardy Clause, in refusing her request for a jury instruction that the incident that occurred at the patrol car was separate from that occurring at defendant's car and that evidence of the latter was not proof that defendant obstructed and delayed Crosby. This argument is premised on defendant's mistaken assumption that evidence of the same facts cannot form the basis for two separate convictions.

The jury would be precluded from considering the evidence relating to the assault on an officer as evidence of obstruction and delay only if the two offenses are actually only one offense: "If what purports to be two offenses actually is one under the *Blockburger* test, double jeopardy prohibits successive prosecutions . . . ." *Gardner*, 315 N.C. at 454, 340 S.E.2d at 709. The *Blockburger* test provides: "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304, 76 L. Ed. 306, 309, 52 S. Ct. 180, 182 (1932).

The crime of delaying and obstructing an officer is defined by N.C. Gen. Stat. § 14-223, which provides: "If any person shall willfully and unlawfully resist, delay or obstruct a public officer in discharging or attempting to discharge a duty of his office, he shall be guilty of a

Class 2 misdemeanor." This Court has already held that "the charge of resisting an officer [under N.C. Gen. Stat. § 14-223] and the charge of assaulting a public officer while discharging or attempting to discharge a duty of his office are separate and distinct offenses" because "[n]o actual assault or force or violence is necessary to complete the offense described by G.S. 14-223." *State v. Kirby*, 15 N.C. App. 480, 489, 190 S.E.2d 320, 326, *appeal dismissed*, 281 N.C. 761, 191 S.E.2d 363 (1972) (in single-prosecution context, trial court's failure to "merge" the two offenses did not subject the defendant to double jeopardy). The same is equally true for a charge of obstructing or delaying an officer.

Since the two offenses were separate and distinct, a jury could, without doing violence to the Double Jeopardy Clause, find that the evidence of defendant's conduct that occurred after she left the patrol car was supportive of a charge of obstructing and delaying, even though the district court had found the same conduct was insufficient to constitute assault. The trial court did not, therefore, err in declining to give defendant's requested instruction. *See also State v. Hooker*, 145 N.C. 581, 582-83, 59 S.E. 866, 866 (1907) ("The previous acquittal protects him from being tried again for the same offense, but it is not an estoppel on the State to show the same facts if, in connection with other facts, they are part of the proof of another and distinct offense.").

[4] For the same reasons, defendant's contention that the trial court erred in refusing to allow her to introduce evidence of her acquittal has no merit. Since the acts after defendant left the patrol car may also form a basis for an obstruction and delay charge, defendant's assertion that she should have been able to show the jury that all of the acts after the patrol car were resolved in her favor is incorrect. Defendant's acquittal of assault on a public officer has no relevance to the question whether defendant was guilty of obstructing and delaying a public officer and the trial court therefore did not err in excluding evidence of the acquittal.

### III

[5] Defendant next assigns error to the trial court's denial of her motion to dismiss, arguing that the State's evidence was insufficient to prove that she delayed and obstructed Crosby in the performance of his duties. In considering a motion to dismiss in a criminal case, the trial judge must decide whether there is substantial evidence of each element of the offense charged. *State v. Brown*, 310 N.C. 563,

566, 313 S.E.2d 585, 587 (1984). "Evidence is 'substantial' if a reasonable person would consider it sufficient to support the conclusion that the essential element in question exists." *State v. Barnette*, 304 N.C. 447, 458, 284 S.E.2d 298, 305 (1981).

In reviewing a trial court's denial of a motion to dismiss, the appellate court views the evidence in the light most favorable to the State, giving the State the benefit of every reasonable inference to be drawn from the evidence, and resolving any contradictions in the evidence in favor of the State. *State v. Taylor*, 337 N.C. 597, 604, 447 S.E.2d 360, 365 (1994). The appellate court must then determine, based on that evidence, if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Barnette*, 304 N.C. at 458, 284 S.E.2d at 305.

To prove the offense of obstruction or delay of an officer, the State must establish that the defendant willfully and unlawfully resisted, delayed, or obstructed a public officer, whom the defendant knew or had reasonable grounds to believe was a public officer, in discharging or attempting to discharge a duty of his office. *State v. Dammons*, 159 N.C. App. 284, 294, 583 S.E.2d 606, 612, *disc. review denied*, 357 N.C. 579, 589 S.E.2d 133 (2003), *cert. denied*, —— U.S. ___, 158 L. Ed. 2d 382, 124 S. Ct. 1691 (2004). There is no dispute that defendant knew that Crosby was a public officer and that he was attempting to discharge a duty of his office. Defendant, however, contends that the State offered insufficient evidence that she willfully and unlawfully obstructed or delayed Crosby.

Defendant relies largely on *State v. Allen*, 14 N.C. App. 485, 491, 188 S.E.2d 568, 573 (1972) (quoting 58 Am. Jur. 2d, *Obstructing Justice*, §§ 12 and 13), in which this Court observed that " 'merely remonstrating with an officer in behalf of another, or criticizing an officer while he is performing his duty, does not amount to obstructing, hindering, or interfering with an officer . . . .' " The evidence in this case showed that defendant's conduct amounted to more than "merely remonstrating" with Crosby on behalf of the student.

When viewed in the light most favorable to the State, the evidence suggested that defendant inserted herself into an investigation of a school fight, she interfered with the school safety officer's attempts to secure a student in his patrol car, she physically blocked him from closing his car door, she repeatedly ignored his instructions to step away, and she attempted to incite the gathering crowd to interfere. At her own car, she again refused to cooperate with Crosby to the point

of running across the street, with the result that the student was left alone in the patrol car, Crosby was unable to continue with his investigation of the fight, and he was required to seek back-up.

This evidence more closely resembles that of *State v. Singletary*, 73 N.C. App. 612, 327 S.E.2d 11, *disc. review denied*, 314 N.C. 335, 333 S.E.2d 495 (1985). In *Singletary*, the evidence showed that "both defendants advanced to within six feet of the police officers after they had been told to halt. One of the defendants had his fists balled in the air and yelled, 'no, no, no, he ain't going nowhere.' [T]he other defendant yelled, 'stop it, he ain't going.' " *Id.* at 616, 327 S.E.2d at 14. This Court held that the defendants were not "merely remonstrating" with the officer on behalf of another and, accordingly, the trial judge did not err in denying the defendants' motion to dismiss. *Id.* at 616-17, 327 S.E.2d at 14.

Likewise, we believe the evidence in this case was sufficient to allow a jury to find that defendant obstructed and delayed Crosby in the performance of his duties. The trial court properly denied the motion to dismiss.

IV

**[6, 7]** Defendant also argues that (1) N.C. Gen. Stat. § 14-223, (2) the magistrate's order finding probable cause, and (3) the trial court's jury instructions were all so vague as to violate defendant's right to due process of law. Because defendant did not raise these constitutional issues at trial and has not asserted plain error on appeal, they are not properly before us. *See State v. Truesdale*, 340 N.C. 229, 233, 456 S.E.2d 299, 301 (1995) (when a defendant fails to "specifically and distinctly" assert that a trial court's act constitutes plain error, he waives appellate review of the issue); *State v. Holmes*, 149 N.C. App. 572, 574, 562 S.E.2d 26, 28 (2002) ("It is well established that a constitutional question must be raised and decided at trial before this Court will usually consider the question on appeal."). Nevertheless, we have reviewed defendant's arguments and conclude that they are without merit.

No error.

Chief Judge MARTIN and Judge STEELMAN concur.