STATE OF NORTH CAROLINA v. JIMMY FRANKLIN WALKER

No. 7727SC390

(Filed 19 October 1977)

1. **Assault and Battery § 11.1; Weapons and Firearms— discharging firearm into occupied dwelling—indictment—knowledge of occupancy**

    An indictment for discharging a firearm into an occupied dwelling in violation of G.S. 14-34.1 was not fatally defective in failing to allege that defendant knew or should have known that the dwelling was occupied by one or more persons but was sufficient where it charged the offense substantially in the words of the statute.

2. **Criminal Law § 89.3— corroboration of witness—prior consistent statement**

    Where a witness testified at the trial that he observed defendant discharge a rifle or shotgun at a trailer from an automobile, testimony by a deputy sheriff that the witness told him that he recognized defendant shooting into the trailer from an automobile was competent to corroborate the testimony of the witness, although the witness did not testify that he had made any such statement to the deputy, since it is competent to corroborate the testimony of a witness by showing that he previously made a statement regarding the subject transaction consistent with such testimony.

3. **Searches and Seizures § 2— search of automobile—consent of passenger—trial of passenger—absence of consent by owner or operator**

    A cartridge shell found by officers during a warrantless search of an automobile in which defendant was a passenger was properly admitted in a trial against defendant where defendant voluntarily consented to the search, notwithstanding the officers failed to obtain permission for the search from either the owner or the operator of the automobile.

APPEAL by defendant from *Ferrell, Judge*. Judgment entered 11 January 1977 in Superior Court, LINCOLN County. Heard in the Court of Appeals 28 September 1977.

Defendant was charged with the felony of discharging a firearm into an occupied dwelling.

State's evidence tended to show that on 21 August 1976 Tony Adams lived in a trailer owned by Stacey Keever and rented to him. At about 10:00 p.m. on that date Adams and some six other persons were in the trailer watching television and listening to music. At about 10:00 p.m. while he was standing on the back porch of the

trailer, Tony Adams heard several shots and observed defendant hanging out of the window of a red vehicle owned by Charles Lail; defendant was holding a rifle or a shotgun. After a second burst of shots was fired, the vehicle pulled away. Adams subsequently observed a number of bullet holes in the trailer. The persons who had been in the trailer had run into a middle bedroom and had lain down on the floor. Adams later showed law enforcement officers the location from which the bullets had been fired, and the officers found several empty shells. In a search of the Lail vehicle in which defendant was riding, the law enforcement officers found another empty shell. Frank Satterfield, an SBI ballistics expert, examined the shell found in the Lail vehicle and the shells found in the area of the shooting and expressed the opinion that they were all fired by the same weapon. At about 3:00 or 4:00 p.m. on 21 August Charles Lail had loaned his red 1964 Dodge to defendant. Previous to the incident defendant had communicated a threat to Tony Adams that he was going to "put 90 rounds" into Adams' trailer.

Defendant offered evidence in which he denied shooting into the trailer.

Defendant was convicted by a jury and from a judgment imposing a prison sentence defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General Elisha H. Bunting, Jr., for the State.*

*Robert C. Powell, for the defendant.*

MARTIN, Judge.

[1]  Defendant contends that the court erred in denying the defendant's motion to dismiss for failure of the indictment to charge a crime under G.S. 14-34.1 in that the indictment failed to state that the defendant knew or should have known that the trailer was occupied by one or more persons. He cites *State v. Williams,* 284 N.C. 67, 199 S.E. 2d 409 (1973) as authority for this contention. We must disagree.

We note at the outset that, regarding the sufficiency of indictments, our Supreme Court held in *State v. Greer,* 238 N.C. 325, 328, 77 S.E. 2d 917, 920 (1953) that

"The general rule in this State . . . is that an indictment for a statutory offense is sufficient, if the offense is charged in the words of the statute, either literally or substantially, or in equivalent words. [Citations omitted.] This rule does not apply

where the words of the statute do not, without uncertainty or ambiguity, set forth all the essential elements necessary to constitute the offense sought to be charged in the indictment, so as to inform the defendant of the exact charge of which he is accused to enable him to prepare his defense, to plead his conviction or acquittal as a bar to further prosecution for the same offense, and upon conviction to enable the court to pronounce sentence. In such a situation the statutory words must be supplemented in the indictment by other allegations which explicitly and accurately set forth every essential element of the offense with such exactitude as to leave no doubt in the minds of the accused and the court as to the specific offense intended to be charged. However, it is neither necessary to state particulars of the crime in the meticulous manner prescribed by common law, nor to allege matters in the nature of evidence." [Citations omitted.]

And to the same effect, Justice Moore in *State v. Russell*, 282 N.C. 240, 243, 192 S.E. 2d 294, 296 (1972) stated:

"The purpose of an indictment 'is (1) to give the defendant notice of the charge against him to the end that he may prepare his defense and to be in a position to plead former acquittal or former conviction in the event he is again brought to trial for the same offense; (2) to enable the court to know what judgment to pronounce in case of conviction.' " [Citations omitted.]

In the *Williams* case cited by defendant, the Court held that

". . . [A] person is guilty of the felony created by G.S. 14-34.1 if he intentionally, without legal justification or excuse, discharges a firearm into *an occupied building* with knowledge that the building is then occupied by one or more persons or when he has reasonable grounds to believe that the building might be occupied by one or more persons." (Emphasis in original.)

Thus, apparently relying on the rule stated above in *Greer*—without citing any authority—defendant now contends that the construction placed on G.S. 14-34.1 by the Court in *Williams* requiring the accused to possess actual or constructive knowledge of the occupancy of the structure into which the firearm was discharged is an "essential element" which must be alleged in the indictment to constitute the offense sought to be charged.

After carefully reviewing the sound principles enunciated in the *Greer* and *Russell* cases, we find no merit in defendant's interpretation of the effect of *Williams* on the case at bar. We think the holding in *Williams* pertaining to the accused's knowledge of occupancy relates to evidence required at trial and not to allegations required in the bill of indictment. *See State v. Greer, supra.* Consequently, we hold that an indictment under G.S. 14-34.1 which, as in the instant case, charges the offense substantially in the words of the statute, contains allegations sufficient to apprise an accused of the offense with which he is charged and to enable the court to proceed to judgment.

[2]  Defendant's next contention relates to the admission of certain testimony by a State's witness tending to connect defendant with the commission of the crime. Over defendant's objection, and for the purpose of corroborating the testimony of Tony Adams, the court permitted Deputy Robert George Wise to testify that Adams told him that defendant Jimmy Walker did the shooting into the trailer. Defendant assigns as error the admission of this testimony for the reason that the witness Adams had not, in fact, testified that he had made any such statement to Deputy Wise. This assignment of error is overruled upon the authority of *State v. McLawhorn*, 270 N.C. 622, 155 S.E. 2d 198 (1967), and *State v. Brown*, 249 N.C. 271, 106 S.E. 2d 232 (1958), cases which hold, pertinent to the case at bar, that it is competent to corroborate the testimony of a witness by showing that he previously made a statement regarding the subject transaction consistent with such testimony.

In the instant case, Tony Adams testified that he observed the defendant discharging some kind of a rifle or shotgun at the trailer from the passenger side window of an automobile. Deputy Wise later testified that Tony Adams told him that he recognized the defendant shooting into the trailer from the automobile. The statement made by Adams to Wise and testified to by the witness Wise was consistent with the testimony of the witness Adams at trial and therefore, competent.

[3]  Defendant finally contends that the court committed error in failing to suppress evidence of a cartridge shell found on the floorboard of an automobile operated by defendant's wife and in which the defendant was a passenger. Defendant argues that not having obtained permission to search the automobile from the owner or operator made the search unreasonable and unconstitutional.

On *voir dire* the court found that the search of the automobile was with the voluntary consent of defendant and was in no way coerced. Findings of fact of the trial court on *voir dire* are conclusive when supported by competent evidence. *State v. Little*, 270 N.C. 234, 154 S.E. 2d 61 (1967). The defendant alone was involved here, not the owner of the automobile or the operator. "The immunity to unreasonable searches and seizures is a privilege personal to those whose rights thereunder have been infringed. They alone may invoke it against illegal searches and seizures." *State v. Craddock*, 272 N.C. 160, 169, 158 S.E. 2d 25, 32 (1967). A person may waive his right to be free from unreasonable searches and seizures. *State v. Little*, *supra.* Accordingly, this assignment of error is overruled.

We have carefully reviewed defendant's remaining assignments of error and find them to be without merit.

In the trial we find no prejudicial error.

No error.

Judges BRITT and HEDRICK concur.