STATE OF NORTH CAROLINA v. REGINALD EUGENE RAY

No. 8926SC773

(Filed 20 March 1990)

**1. Weapons and Firearms § 3 (NCI3d)— building with multiple apartments—multiple charges of discharging firearm into occupied property—no double jeopardy**

There was no merit to defendant's contention that, if a single building contains multiple apartments, only one charge of discharging a firearm into occupied property may be brought; therefore, state and federal prohibitions against double jeopardy were not violated by prosecution of defendant on two counts of discharging a firearm into occupied property where he allegedly fired shots into one apartment, and the bullets penetrated a common wall between that apartment and another.

**Am Jur 2d, Criminal Law § 279; Weapons and Firearms § 29.**

**2. Weapons and Firearms § 3 (NCI3d)— discharging firearm into occupied property—defendant as perpetrator—sufficiency of evidence**

In a prosecution for discharging a firearm into occupied property, evidence was sufficient to be submitted to the jury where it tended to show that shots were fired into an apartment building; one of the occupants observed defendant for five minutes following the shooting; defendant was about 19 feet from the building and the witness had no difficulty observ-

ing defendant despite the early morning hour; a big streetlight stood across the roadway and the witness said that, when defendant ran to a dirt hill, "he hit the light"; the witness had known defendant for a couple of months prior to the shooting; and the witness testified to being "familiar with weapons" and stated that defendant carried what appeared to be an M-2 30/30 automatic rifle.

**Am Jur 2d, Criminal Law § 279; Weapons and Firearms § 29.**

APPEAL by defendant from judgment entered 28 February 1989 in MECKLENBURG County Superior Court by *Judge Forrest A. Ferrell.* Heard in the Court of Appeals 12 February 1990.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Archie W. Anders, for the State.*

*Assistant Public Defender Robert L. Ward for defendant-appellant.*

DUNCAN, Judge.

Defendant was convicted of two counts of discharging a firearm into occupied property and one count of assault with a deadly weapon inflicting serious injury. The trial judge sentenced defendant to concurrent terms of ten years for the discharging-a-firearm convictions and to a consecutive ten-year term for the assault conviction. Defendant appeals, contending that the judge erred by denying his motion to dismiss, on double jeopardy grounds, one of the discharging-a-firearm counts and erred by denying defendant's motion to dismiss all the charges at the close of the State's evidence. We find no error.

I

The State's evidence showed the following: On the evening of 25 August 1988, Eugene Miller, his brother Nick, and defendant, Reginald Eugene Ray, were among a group of people conversing. Defendant said that two people were going to be "sprayed" that night. At approximately 5:00 A.M. the next morning, Nick Miller was awakened by the sound of gunfire. He ran to his brother Eugene's room, where he saw glass on the floor of the room, bullet holes, and holes in a curtain. He also heard his cousin, three-year-old Travis Miller, screaming from an adjoining apartment. Nick Miller

STATE v. RAY

[97 N.C. App. 621 (1990)]

looked out of Eugene's window and saw defendant running from the scene, carrying what appeared to be an automatic rifle and another gun. Travis Miller was subsequently taken to the hospital with bullet wounds in his chest and arm.

Nick Miller and Travis Miller lived in a building consisting of three apartments. The addresses of these apartments are 3604, 3606, and 3608 Jonquil Street, Charlotte, North Carolina. The apartment at 3604 Jonquil Street was vacant at the time of the shooting, but had previously served as a "crack house" out of which cocaine was sold. Nick Miller and his mother resided at 3606 Jonquil, as had Eugene Miller until the day prior to the shooting, when he moved to another address. Travis Miller and his mother occupied the apartment at 3608 Jonquil. The State's evidence showed that the shots entered 3606 Jonquil through Eugene Miller's window, with five of the bullets penetrating a common wall between his room and Travis Miller's apartment.

Defendant testified in his own behalf. He denied making any threats and denied shooting into the apartments. Defendant contended he was at another location at the time of the incident.

The jury convicted defendant of all charges. From the judgment imposed, he appeals.

II

[1] Defendant first argues that his prosecution on two counts of discharging a firearm into occupied property violates federal and State prohibitions against double jeopardy. U.S. Const. amend. V; N.C. Const. art. I, Sec. 19. N.C. Gen. Stat. Sec. 14-34.1 (1986) in part provides that any person who willfully discharges a firearm "into any [occupied] building" is guilty of a Class H felony. Defendant argues that because 3606 and 3608 Jonquil Street are apartments located within the same building, he could not be convicted of multiple offenses under the statute without being subjected to double jeopardy. Defendant contends, in other words, that if a single building contains multiple apartments, only one charge of discharging a firearm into occupied property may be brought.

When a defendant alleges that he has been twice convicted and sentenced for one offense, we analyze his claim of double jeopardy under the "same evidence test." *See State v. Hicks*, 233 N.C. 511, 516, 64 S.E.2d 871, 875, *cert. denied*, 342 U.S. 831, 96 L.Ed. 629 (1951); *State v. Ballard*, 280 N.C. 479, 485, 186 S.E.2d 372, 375

(1972); *State v. Irick*, 291 N.C. 480, 502, 231 S.E.2d 833, 847 (1977). This test asks two, somewhat alternative questions: 1) whether the facts alleged in the second indictment if given in evidence would have sustained a conviction under the first indictment, or 2) whether the same evidence would support a conviction in each case. *Hicks*, 233 N.C. at 516, 64 S.E.2d at 875. If this inquiry discloses a breach of the guarantee against double jeopardy, the fact that a trial judge, as in this case, imposes concurrent sentences for the convictions does not remedy the violation. *State v. Summrell*, 282 N.C. 157, 173, 192 S.E.2d 569, 579 (1972), *overruled in part on other grounds*, 324 N.C. 539, 380 S.E.2d 118 (1989).

"[A] person is guilty of the felony created by G.S. 14-34.1 if he intentionally, without legal justification or excuse, discharges a firearm into an occupied building with knowledge that the building is then occupied by one or more persons or when he has reasonable grounds to believe that the building might be occupied by one or more persons." *State v. Williams*, 284 N.C. 67, 73, 199 S.E.2d 409, 412 (1973) (emphasis omitted). In the present case, the first count of the indictment alleges in part that defendant willfully discharged a rifle into "a building located at 3606 Jonquil Street . . . while it was actually occupied by Emma Lucille Miller Harris and Nick Miller." The second count in part charges that defendant fired the rifle into "a building located at 3608 Jonquil Street . . . while it was actually occupied by Lora Miller Cutherberson and Travis Lloyd Cuthberson Miller."

The facts alleged in the second count of the indictment—that the building was located at 3608 Jonquil Street and was occupied by Lora Cuthberson and Travis Miller—would not have sustained defendant's conviction for shooting into 3606 Jonquil while that residence was occupied by Emma Harris and Nick Miller. Additionally, the same evidence would not have supported a conviction in each case; the State was required to prove that both dwellings were penetrated by gunfire, that both dwellings were occupied at the time of the assault, and that defendant had actual or constructive knowledge of the occupancy. *See id.; State v. Walker*, 34 N.C. App. 271, 273-74, 238 S.E.2d 154, 156, *disc. rev. denied*, 293 N.C. 743, 241 S.E.2d 516 (1977). The offense at 3606 Jonquil was complete when the bullets entered the apartment through Eugene Miller's window; to convict defendant of the additional offense of firing into Travis Miller's residence, the State was required to demonstrate further that the projectiles penetrated the common wall between

the two dwellings. Under the same-evidence test, therefore, defendant was not subjected to double jeopardy for discharging a firearm into occupied property, and the trial judge correctly refused to dismiss one of the two counts. We overrule this assignment of error.

## III

[2] Defendant next argues that the judge erred by denying his motion to dismiss the charges at the close of the State's evidence. We note, initially, that defendant testified at trial. By presenting evidence, defendant waived his right to argue the denial of his motion on appeal. N.C. Gen. Stat. Sec. 15-173 (1983). The sufficiency of all the evidence presented during trial, therefore, is the sole issue we address. *State v. Bullard*, 312 N.C. 129, 159-60, 322 S.E.2d 370, 387 (1984). When ruling on a motion to dismiss, the evidence must be considered in a light most favorable to the State, with the State receiving every reasonable inference to be drawn from the evidence. *Id.* at 160, 322 S.E.2d at 387-88.

Defendant chiefly contends that the identification testimony by Nick Miller was "inherently incredible." We disagree. Mr. Miller testified that he observed defendant for five minutes following the shooting, that defendant was "about 19 [feet]" from the apartment building, and that he had no difficulty observing defendant despite the early morning hour. A "big streetlight" stood across the roadway, and Mr. Miller said that when defendant ran to a dirt hill, "he hit the light." Mr. Miller also testified to having known defendant for a "couple of months" prior to the shooting incident. Finally, he testified to being "familiar with weapons" and that defendant carried what appeared to be an M-1 30/30 automatic rifle.

The State must establish two propositions when it prosecutes a criminal charge: that a crime was committed and that it was committed by the defendant. *State v. Clyburn*, 273 N.C. 284, 292, 159 S.E.2d 868, 873 (1968). In a light most favorable to the State, the evidence in this case established both propositions, and the trial judge properly allowed the jury to determine if the State had proved defendant's guilt beyond a reasonable doubt. We hold that the judge correctly denied defendant's motion to dismiss, and we overrule this assignment of error.

For the reasons stated above, we hold that defendant received a fair trial, free of error.

No error.

Chief Judge HEDRICK and Judge PHILLIPS concur.