STATE OF NORTH CAROLINA, Plaintiff v. SHEILA NEWMAN, Defendant

No. COA06-1523

(Filed 16 October 2007)

**1. Appeal and Error— appealability—interlocutory order—dismissal of one count while another pending**

Defendant's motion to dismiss the State's appeal from the dismissal with prejudice of one count against defendant for resisting, delaying or obstructing a public officer (RDO) while there was still another count pending for trespassing is denied even though defendant contends the appeal is from an interlocutory order, because: (1) in the instant case there was a decision, dismissal of the charge of RDO, but not a judgment since a sentence was not pronounced; and (2) if the legislature had intended that the State not be able to appeal unless and until the court dismissed all counts against a defendant or entered a judgment, N.C.G.S. § 15A-1445(a)(1) would not refer to a decision or dismissal of one or more counts.

**2. Appeal and Error— appealability—double jeopardy—jury must be sworn in criminal case**

The trial court did not err by denying defendant's motion to dismiss the State's appeal from an order dismissing one of two criminal charges pending against defendant based on double jeopardy, because: (1) in a criminal case, jeopardy does not attach until a competent jury has been empaneled and sworn; and (2) defendant made her oral motion to dismiss before jury selection had even begun.

**3. Constitutional Law— double jeopardy—resisting, delaying, or obstructing officer—acquittal of assaulting official—same evidence test**

Defendant's right against double jeopardy was not violated by the prosecution of defendant on a charge of resisting, delaying or obstructing a public officer (RDO) in the superior court after defendant was acquitted of a charge of assault on a government official in the district court where the charge of RDO was based upon defendant "pulling away and elbowing at the officer" while the charge of assault on a government official was based upon defendant "elbowing" the officer; defendant need not have been under arrest in order for her "pulling away" from the officer

to sustain a conviction of RDO; and the charges of RDO and assault on a government official were thus not based upon the same evidence.

Appeal by the State from judgment entered 9 August 2006 by Judge Abraham Penn Jones in Superior Court, Vance County. Heard in the Court of Appeals 7 June 2007.

*Attorney General Roy A. Cooper, III by Assistant Attorney General, Chris Z. Sinha for the State.*

*Stubbs, Cole, Breedlove, Prentis & Biggs, PLLC, by C. Scott Holmes for Defendant-Appellee.*

STROUD, Judge.

This matter is before the Court on the State's appeal from the trial court order dismissing one of two criminal charges pending against defendant Sheila Newman. We reverse the trial court's dismissal of the charge of resisting, delaying or obstructing a public officer.

## I. Background

On 6 March 2004, defendant was charged with second degree trespass ("trespass"), resisting, delaying or obstructing a public officer[1] ("RDO"), and assault on a government official. Henderson Police Department Officer K. M. Riddick was investigating a call concerning a disruptive customer at Sally Reid's Junk Shack ("Junk Shack"). All of defendant's charges arose out of an incident that occurred on 6 March 2004 at the Junk Shack.

On 26 July 2004, defendant pled not guilty to all the charges and was tried in District Court, Vance County. District Court Judge Daniel Finch found defendant guilty of trespass and RDO. However, Judge Finch found defendant not guilty of assault on a government official. On 29 July 2004, defendant filed notice of appeal from the judgment entered upon her convictions in district court for trespassing and RDO.

This matter was heard in Superior Court, Vance County on or about 9 August 2006 before Judge Abraham Penn Jones. Defendant made an oral motion to dismiss both charges. After hearing argument

---

1. If any person shall willfully and unlawfully resist, delay or obstruct a public officer in discharging or attempting to discharge a duty of his office, he shall be guilty of a Class 2 misdemeanor. N.C. Gen. Stat. § 14-223 (2003).

from both parties, the trial court granted defendant's motion as to the charge of RDO and denied defendant's motion as to the charge of trespassing. Thereafter, the State moved to continue trial on the charge of trespassing. Judge Jones indicated that he would prefer to proceed with the trial, after which the court took a brief recess. Upon return from the recess, the State gave notice of appeal from the court's dismissal of the charge of RDO. The State then renewed its motion to continue the trial on the charge of trespassing, which the trial court granted. On 15 March 2007, defendant moved to dismiss the State's appeal arguing, in part, that the trial court order dismissing one of two criminal charges pending against defendant is interlocutory.

## II. Defendant's Motion to Dismiss on the Grounds of an Interlocutory Appeal

[1] The State's right to appeal in this matter is governed by N.C Gen. Stat. § 15A-1445(a)(1): "(a) Unless the rule against double jeopardy prohibits further prosecution, the State may appeal from the superior court to the appellate division: (1) When there has been a decision or judgment dismissing criminal charges as to one or more counts." N.C. Gen. Stat. § 15A-1445(a)(1) (2005). In this case, the charging document contained three counts. One was dismissed in District Court, one was dismissed in Superior Court, and one is still pending in Superior Court.

"As a general rule an appeal will not lie until there is a final determination of the whole case. It lies from an interlocutory order only when it puts an end to the action or where it may destroy or impair or seriously imperil some substantial right of the appellant." *State v. Ward*, 46 N.C. App. 200, 204, 264 S.E.2d 737, 740 (1980) (internal citation and quotations omitted).

This Court held in *Ward* that an order dismissing a charge *without* prejudice was not a final order and therefore dismissed the state's appeal as interlocutory under N.C. Gen. Stat. § 15A-1445. *Id.* at 204-05, 263 S.E.2d 737, 740-41. We find no case addressing an appeal by the State of the dismissal with prejudice of one count against a defendant where there is still another count pending. We must therefore examine the language of N.C. Gen. Stat. § 15A-1445(a)(1). *See* N.C. Gen. Stat. § 15A-1445(a)(1).

The language of this statute is not ambiguous, and so "we use accepted principles of statutory construction by applying the plain and definite meaning of the words therein" to analyze the statute.

*State v. Bryant,* 361 N.C. 100, 102, 637 S.E.2d 532, 534 (2006). N.C. Gen. Stat. § 15A-1445(a)(1) permits the State to appeal from a *"decision or judgment* dismissing criminal charges as to *one or more counts."* N.C. Gen. Stat. § 15A-1445(a)(1) (emphasis added).

Entry of judgment in a criminal case is defined by N.C. Gen. Stat. § 15A-101 as follows: "Judgment is entered when sentence is pronounced." N.C. Gen. Stat. § 15A-101(4a) (2005). The trial court did not pronounce a sentence in this case and thus there was no "judgment". *See id.* Therefore we must consider if the trial court made a "decision". *See* N.C. Gen. Stat. § 15A-1445(a)(1).

We find no statutory definition of "decision" for purposes of Chapter 15A and no formal definition of "decision" in our case law. Black's Law Dictionary defines "decision" as

> [a] determination arrived at after consideration of facts, and, in legal context, law.

> A determination of a judicial or quasi judicial nature. A judgment or decree pronounced by a court in settlement of a controversy submitted to it and by way of authoritative answer to the questions raised before it. The term is broad enough to cover both final judgments and interlocutory orders.

*Black's Law Dictionary* 366 (5th ed. 1979). "While a final judgment always is a final decision, there are instances in which a final decision is not a final judgment." *Stack v. Boyle,* 342 U.S. 1, 12, 96 L. Ed. 3, 10 (1951) (Jackson, J., separate opinion).

In this case, there was a decision, dismissal of the charge of RDO, but not a judgment because a sentence was not pronounced. *See Black's Law Dictionary* 366, N.C. Gen. Stat. § 15A-101(4a) (2005). The trial court did make a "decision" on *one count* of the charges against defendant. *See Black's Law Dictionary* 366. The statute permits appeal from a "decision" as well as a "judgment." *See* N.C. Gen. Stat. § 15A-1445(a)(1). If the legislature had intended that the State not be able to appeal unless and until the court dismissed *all counts* against a defendant or entered a "judgment", the statute would not refer to a "decision" or dismissal of "one or more counts." *See id.* Therefore, under the plain language of N.C. Gen. Stat. § 1445(a)(1), the State has a right to appeal the dismissal of one count and this appeal is not interlocutory. *See id.*

### III. Defendant's Motion to Dismiss on the Grounds
### of Double Jeopardy

[2] In addition to arguing the State's appeal was interlocutory in her motion to dismiss, defendant argued the appeal should be dismissed because double jeopardy had attached. The State may "appeal the dismissal of criminal charges only when further prosecution would not be barred by the rule against double jeopardy." *State v. Priddy,* 115 N.C. App. 547, 550, 445 S.E.2d 610, 613, *disc. rev. denied,* 337 N.C. 805, 449 S.E.2d 751 (1994); *see also* N.C. Gen. Stat. § 15A-1445(a)(1). However, in a criminal trial such as this, jeopardy does not attach until "a competent jury has been empaneled and sworn." *Id.* at 550, 445 S.E.2d at 613. Defendant made her oral motion to dismiss before jury selection had even begun. Jeopardy had not attached. *See id.* We therefore deny defendant's motion to dismiss this appeal on the grounds of double jeopardy.

### IV. Double Jeopardy

[3] We must next consider the substantive grounds of this appeal, whether the trial court erred in dismissing the charge of RDO on the grounds of double jeopardy. Defendant made an oral motion to dismiss the charge of RDO based upon the argument that the same evidence which was presented against her in the district court trial would be used against her again in the superior court trial of the RDO charge. Defendant argued this would violate her constitutional protection from double jeopardy under the United States Constitution. *See* U.S. Const. amend. V. The trial court granted the defendant's motion to dismiss the RDO charge.

The standard of review for this issue is *de novo,* as the trial court made a legal conclusion regarding the defendant's exposure to double jeopardy. *See State v. Ross,* 173 N.C. App. 569, 573, 620 S.E.2d 33, 36 (2005), *aff'd, per curiam,* 360 N.C. 355, 625 S.E.2d 779 (2006). A trial court's legal conclusions are reviewable *de novo. Id.*

The Double Jeopardy clause of the Fifth Amendment of the United States Constitution is applicable to the states through the 14th Amendment. *Id.* The clause provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb[.]" U.S. Const. amend. V. "It is well established that the Double Jeopardy Clause of the North Carolina and United States Constitutions protect against (1) a second prosecution after acquittal for the same offense, (2) a second prosecution after conviction for the same offense, and

(3) multiple punishments for the same offense." *State v. Priddy*, 115 N.C. App. 547, 550, 445 S.E.2d 610, 613 (1994) (citation and internal quotations omitted) (discussing *State v. Gardner*, 315 N.C. 444, 451, 340 S.E.2d 701, 707 (1986)).

"In determining whether two indictments are for the same offense, our courts have used the same-evidence test." *State v. Allah*, 168 N.C. App. 190, 196, 607 S.E.2d 311, 315, *disc. rev. denied*, 359 N.C. 636, 618 S.E.2d 232 (2005) (internal quotations omitted). "This test asks two somewhat alternative questions: 1) whether the facts alleged in the second indictment if given in evidence would have sustained a conviction under the first indictment, or 2) whether the same evidence would support a conviction in each case." *State v. Ray*, 97 N.C. App. 621, 624, 389 S.E.2d 422, 424 (1990). We must apply the same evidence test to determine if the indictments for assault on a government official and RDO are for the same offense. *See Allah*, 168 N.C. App. at 196, 607 S.E.2d at 315.

The North Carolina Supreme Court has already determined that RDO is neither the same nor a lesser included offense of assault on a government official. *State v. Hardy*, 298 N.C. 191, 197, 257 S.E.2d 426, 430 (1979). However, the Court also stated in *Hardy* that its holding did "not eliminate the possibility that the facts in a given case might constitute a violation of [double jeopardy]. In such a case the defendant could not be punished twice for the same conduct. It was so held in *State v. Summrell*, 282 N.C. 157, 192 S.E.2d 569 (1972)."[2] *Id.* at 198, 257 S.E.2d at 431. Though RDO is neither the same nor a lesser included offense of assault on a government official this court must still apply the same-evidence test as there is a "possibility that the facts in a given case might constitute a violation of [double jeopardy]." *See id.* at 197-98, 257 S.E.2d at 430-31.

This Court has previously considered a situation almost identical to defendant's in the case of *State v. Bell*, 164 N.C. App. 83, 594 S.E.2d 824 (2004). In *Bell*, the defendant was charged with assaulting a government official and RDO. *Id.* at 86, 594 S.E.2d at 826. She was found not guilty of assault on a government official and guilty of RDO in district court and she appealed the RDO conviction to superior court. *Id.* She was then tried in superior court and objected to the admission of evidence against her which had also been presented before the district court. *Id.* at 87, 594 S.E.2d at 826. The only relevant procedural

---

2. *State v. Summrell*, 282 N.C. 157, 192 S.E.2d 569 (1972) was overruled in part on other grounds by *State v. Barnes*, 324 N.C. 539, 380 S.E.2d 118 (1989).

differences between *Bell* and the case *sub judice* is that in *Bell* the trial court did proceed with the trial of the RDO charge in superior court, and in the present case defendant does challenge the State's ability to prosecute her for RDO in superior court. *See Bell* at 86-89, 594 S.E.2d at 826-28. The defendant in *Bell* claimed that her constitutional protection against double jeopardy was violated because collateral estoppel barred the State from presenting evidence which was previously used against her in district court. *Id.* at 90, 594 S.E.2d at 828. This Court disagreed and affirmed the trial court's decision. *Id.*, 164 N.C. App. 83, 594 S.E.2d 824.

The record in the case *sub judice* does not contain a transcript of the district court trial in which defendant was acquitted of assault on a government official and convicted of RDO, and no evidence was presented before the superior court prior to the dismissal. Thus, we can consider only the allegations in the warrants, regarding defendant's conduct. On the assault on a government official charge, the warrant states that the defendant assaulted the officer by "elbowing" him. On the RDO charge, the warrant states that defendant was "pulling away and elbowing at the officer." Defendant argues that her "pulling away" was justified, and thus the only evidence the State has for both the RDO and the assault on a government official charge is "elbowing."

We do not however find defendant's "pulling away" justified. Although the trial court made no findings of fact and the order did not state the reason for the dismissal, from the transcript it appears that the trial judge granted the motion to dismiss because the defendant was not "under arrest" at the time she allegedly "pulled away" from the officer. However, a defendant need not be "under arrest" or even in the process of being arrested in order to be guilty of RDO. *See State v. Lynch*, 94 N.C. App. 330, 332, 380 S.E.2d 397, 398 (1989). "The conduct proscribed under G.S. 14-223 is not limited to resisting an arrest but includes any resistance, delay, or obstruction of an officer in the discharge of his duties. . . . [D]efendant's conviction may be based upon his conduct prior to the time of his actual arrest." *Id.* (indictment alleged that "defendant attempted to run from and struggled with the officers while they were attempting to ascertain defendant's identity"). Defendant does not dispute that Officer Riddick was discharging or attempting to discharge a duty of his office when he responded to investigate a call of a "disruptive customer" at the Junk Shack, and that defendant was the alleged "disruptive customer."

Even defendant's "pulling away" from the officer as he attempted to discharge his duty by investigating the call would be sufficient to sustain the charge of RDO, as this action could have "delayed" or "obstructed" his investigation. *See State v. Leigh*, 278 N.C. 243, 249, 179 S.E.2d 708, 711 (1971) (finding that even though "no actual violence or force was used by defendant . . . there was plenary evidence to support a jury finding that defendant did by his actions and language delay and obstruct the officer in the performance of his duties").

Finding, as we have, that defendant's "pulling away" was not justified we apply the same evidence test and find that the evidence is not in fact the same as the RDO warrant was validly based on defendant "pulling away and elbowing at the officer" whereas the assault was only based on the defendant "elbowing" the officer. *See State v. Ray*, 97 N.C. App. 621, 624, 389 S.E.2d 422, 424 (1990).

The State in *Bell* had the ability to prosecute defendant for RDO in superior court using the same evidence as in district court without violation of defendant's double jeopardy protection, and thus the trial court's order of dismissal in the case *sub judice* should be reversed. *See Bell*, 164 N.C. App. 83, 594 S.E.2d 824. The State did have the right to prosecute defendant on both the assault on a government official and RDO charges, without placing defendant in double jeopardy, as the evidence required to convict defendant on the RDO charge is not the same as for the assault on a government official charge. *See id.; see also State v. Hardy*, 298 N.C. 191, 197, 257 S.E.2d 426, 430. Thus, based upon *Bell*, the trial court erred in granting the defendant's motion to dismiss the RDO charge. We therefore reverse the trial court's order of dismissal and remand to the superior court for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.

Judges ELMORE and STEELMAN concur.