An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1158
NORTH CAROLINA COURT OF APPEALS

Filed: 20 May 2014

STATE OF NORTH CAROLINA

    v.

TEWANIA LYKISHA SPENCER

Tyrrell County
Nos. 11 CRS 295-96


Appeal by Defendant from judgments entered 10 June 2013 by Judge W. Russell Duke, Jr., in Superior Court, Tyrrell County. Heard in the Court of Appeals 29 April 2014.

> *Attorney General Roy Cooper, by Assistant Attorney General James C. Holloway, for the State.*

> *Anna S. Lucas for Defendant-Appellant.*

McGEE, Judge.

On appeal from her convictions in district court, a jury found Tewania Lykisha Spencer ("Defendant") guilty of two counts of assault on a government officer or employee under N.C. Gen. Stat. § 14-33(c)(4) (2013), and one count of resisting, delaying, or obstructing ("RDO") a public officer under N.C. Gen. Stat. § 14-223 (2013). The trial court consolidated Defendant's offenses into two judgments and sentenced Defendant

to a total of 150 days of imprisonment. Defendant gave notice of appeal in open court.

The State's evidence at trial tended to show that, on the morning of 22 November 2011, Chief Deputy Karen Simmons ("Chief Deputy Simmons") of the Tyrrell County Sheriff's Office drove to a residence at 6525 Highway 74 East in Columbia, North Carolina (the residence), to serve a writ of possession upon Carl Combs. Defendant, who also lived at the residence, came to the front door and said Combs was not home. Chief Deputy Simmons posted the writ of possession on a sliding glass door approximately twenty feet from the front door, believing that to be the actual entrance to Combs' portion of the residence. Chief Deputy Simmons then left.

Chief Deputy Simmons decided she should add some information to the writ, so she returned to the residence with Deputy Matthew Myers ("Deputy Myers"). Deputy Myers waited in the patrol car while Chief Deputy Simmons attempted to write additional information on the writ. At this time, Defendant approached Chief Deputy Simmons from behind and pressed "her whole body . . . forcibly against [Chief Deputy Simmons], and [Defendant] was trying to reach around [Chief Deputy Simmons] . . . to tear the paper off of the . . . sliding glass doors."

Defendant ignored Chief Deputy Simmons' repeated requests to "[g]et off of me" and "[l]eave the paper alone[.]" Defendant "kept . . . pushing into [Chief Deputy Simmons'] body trying to reach the paper" posted on the door.

Deputy Myers exited the patrol car and attempted to arrest Defendant. Deputy Myers advised Defendant that he was going to place her under arrest for "resist, delay, and obstruct[,]" Defendant replied: "I'm not going anywhere[,]" and walked away from Deputy Myers toward the door. Deputy Myers pursued Defendant and grabbed her by the left hand in order to handcuff her. Defendant "snatched away" from Deputy Myers and continued walking, saying: "I'm not going anywhere with you." Deputy Myers made a second attempt to grasp Defendant's hand. Defendant, "[o]nce again . . . resisted and snatched away" and "kept walking back towards the house." When Deputy Myers tried a third time to take hold of Defendant's hand, Defendant "turned around, and she slapped [him] across the face" – knocking his sunglasses to the ground. Chief Deputy Simmons then fired her Taser into Defendant's right shoulder and assisted Deputy Myers in taking Defendant into custody. Defendant was convicted of assaulting Chief Deputy Simmons and convicted of both resisting, delaying or obstructing, and assaulting, Deputy Myers.

In her sole argument on appeal, Defendant challenges the convictions related to Deputy Myers. Specifically, Defendant argues the trial court's entry of judgment on both of those convictions resulted in Defendant's being "punished twice for the same conduct" in violation of the constitutional prohibition against double jeopardy.

In light of "our Supreme Court's decisions holding that a double jeopardy issue cannot be raised for the first time on appeal[,]" we conclude Defendant's argument is not properly before this Court. *State v. Kirkwood*, __ N.C. App. __, __, 747 S.E.2d 730, 736 (citation omitted), a*ppeal dismissed*, __ N.C. __, 752 S.E.2d 487 (2013). At no time did Defendant present her claim of double jeopardy to the trial court. She did not challenge the trial court's submission of both charges involving Deputy Myers to the jury, or the trial court's entry of judgment on both convictions. Accordingly, Defendant waived appellate review of this issue. *State v. McLaughlin*, 321 N.C. 267, 272, 362 S.E.2d 280, 283 (1987). Insofar as Defendant invokes N.C. Gen. Stat. § 15A-1446(d)(18) (2014) as an alternative basis for appellate review, we reiterate our recent holding in *Kirkwood* that, "[s]ince we are bound by the rulings of our Supreme Court, we find defendant's preservation argument based upon N.C. Gen.

Stat. § 15A-1446(d)(18) unpersuasive." *Kirkwood*, __ N.C. App. at __, 747 S.E.2d at 736 (citations omitted). We dismiss Defendant's appeal.

Assuming, *arguendo*, Defendant had properly preserved this issue for appellate review, Defendant's claim is without merit. Assault on a government officer or employee and resisting, delaying or obstructing a public officer "'are separate and distinct offenses'" for double jeopardy purposes, inasmuch as each contains an essential element not found in the other. *State v. Bell*, 164 N.C. App. 83, 93, 594 S.E.2d 824, 830 (2004) (citation omitted). Moreover, the "fact that each crime requires proof of an element which the other does not demonstrates the intent of the General Assembly to allow multiple punishments to be imposed for the separate crimes." *State v. Haynesworth*, 146 N.C. App. 523, 531, 553 S.E.2d 103, 109 (2001).

Nor were the charges based on the identical evidence or conduct, so as to give rise to potential double jeopardy concerns. "'In determining whether two indictments are for the same offense, our courts have used the same-evidence test.'" *State v. Newman*, 186 N.C. App. 382, 387, 651 S.E.2d 584, 587 (2007) (citation omitted). In the case *sub judice*, the State's

statement of charges[1] alleged that Defendant assaulted Deputy Myers "by slapping [him] across the face[.]" By contrast, the pleading charged that Defendant committed the offense of resisting, delaying or obstructing an officer "by pulling away, struggling and resisting the efforts of Deputy Myers to arrest [her]." As reflected in the State's proffer at trial, these two counts clearly described separate conduct by Defendant and thus did not rely on the "same evidence" to sustain Defendant's convictions under N.C. Gen. Stat. §§ 14-33 and 14-223. *See Newman*, 186 N.C. App. at 389, 651 S.E.2d at 589 ("[T]he evidence is not in fact the same as the RDO warrant was validly based on defendant 'pulling away and elbowing at the officer' whereas the assault was only based on the defendant 'elbowing' the officer.").

Dismissed.

Judges ELMORE and DAVIS concur.

Report per Rule 30(e).

---

[1]*See generally* N.C. Gen. Stat. §§ 15A-921, -922 (2013) (authorizing statement of charges as pleading in misdemeanor cases initiated in district court).