An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA14-1170

Filed: 5 May 2015

STATE OF NORTH CAROLINA

v.

Mecklenburg County

No. 11 CRS 212187

DERRICK OLANDO JOHNSON


Appeal by defendant from judgment entered 28 January 2014 by Judge Forrest D. Bridges in Mecklenburg County Superior Court. Heard in the Court of Appeals 17 April 2015.


*Attorney General Roy Cooper, by Special Deputy Attorney General Richard H. Bradford, for the State.*

*Russell J. Hollers III for defendant-appellant.*


TYSON, Judge.


Defendant appeals from a judgment entered upon the jury's conviction for discharging a firearm into an occupied dwelling. We find no error.

I. Background

Defendant fired two shots into the side of his neighbor's home on 14 March 2011. Prior to the incident, the neighbor had hosted a cookout for her family. Defendant stopped by the cookout, appeared to be intoxicated, got into an argument with the neighbor's sister, and made threatening remarks as he left the cookout.

Following a trial, the jury found Defendant guilty of discharging a firearm into an occupied dwelling. The trial court made findings of aggravating and mitigating factors, and imposed a sentence within the mitigated range of 40 to 57 months. Defendant gave timely notice of appeal.

## II. Issues

Defendant solely argues his indictment was insufficient because it failed to allege an essential element of the offense.

## III. Analysis

### A. Discharging a Firearm Into An Occupied Dwelling

"The elements of [discharging a weapon into an occupied dwelling] are (1) the willful or wanton discharging (2) of a firearm (3) into any building (4) while it is occupied." *State v. Jones*, 104 N.C. App. 251, 258, 409 S.E.2d 322, 326 (1991).

> An indictment must give "[a] plain and concise factual statement in each count which, without allegations of an evidentiary nature, *asserts facts supporting every element* of a criminal offense and the defendant's commission thereof with sufficient precision clearly to apprise the defendant . . . of the conduct which is the subject of the accusation."

*State v. Canady*, 191 N.C. App. 680, 691, 664 S.E.2d 380, 387 (2008) (quoting N.C. Gen. Stat. § 15A-924(a)(5) (2007)), *disc. review denied*, 363 N.C. 132, 673 S.E.2d 662 (2009) (emphasis added).

The indictment alleged that Defendant "did unlawfully, willfully, and feloniously discharge a .22 caliber rifle, a firearm, into a dwelling, a building, located [in] Charlotte, North Carolina, while it was actually occupied." The indictment is sufficient to apprise Defendant of the offense for which he was charged.

### B. *State v. Williams*

Defendant cites *State v. Williams*, and contends that the indictment was insufficient because it failed to allege that he knew or had reasonable grounds to believe that the dwelling was actually occupied. 284 N.C. 67, 199 S.E.2d 409 (1973). Defendant argues such proof is an essential element of the offense and must be alleged in the indictment.

We have repeatedly rejected Defendant's argument, holding that knowledge of occupancy need not be alleged in the indictment:

> We think the holding in *Williams* pertaining to the accused's knowledge of occupancy relates to evidence required at trial and not to allegations required in the bill of indictment. Consequently, we hold that an indictment under G.S. 14-34.1 which, as in the instant case, charges the offense substantially in the words of the statute, contains allegations sufficient to apprise an accused of the offense with which he is charged and to enable the court to proceed to judgment.

*State v. Walker*, 34 N.C. App. 271, 274, 238 S.E.2d 154, 156, *cert. denied*, 293 N.C. 743, 241 S.E.2d 516 (1977) (internal citation omitted); *see also Canady*, 191 N.C. App. at 691-92, 664 S.E.2d at 387 (noting that this Court has previously rejected the argument that an indictment failed to allege an essential element of the offense where it failed to allege knowledge of occupancy).

Defendant acknowledges our holdings in *Walker* and *Canady*, and, in essence, invites us to revisit them. We have no authority to revisit previous decisions rendered by our Court, unless modified or overturned by a higher court. *See In re Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) ("Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court.").

IV. Conclusion

Defendant has raised no other issues for review. We are bound by our decisions in *Walker* and *Canady*. Defendant received a fair trial, free from prejudicial errors he preserved, presented, and argued.

NO ERROR.

Judge BRYANT and DIETZ concur.

Report per Rule 30(e).